IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA ALARCON<br>    and<br>MIRANDA SMITH<br><br>             Plaintiff,<br>    vs.<br><br>CREDITORS FINANCIAL<br>GROUP, LLC<br><br>             Defendant. | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

**I. INTRODUCTION**

1.      This is an action for damages brought by an individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**III. PARTIES**

4.      Plaintiff Gloria Alarcon is an adult individual residing at 4100 Blackstone Court, El Paso, TX 79922.

5.      Plaintiff Miranda Smith is an adult individual residing at P.O. Box 579, Pikeville,

KY 41502.

6. Defendant Creditors Financial Group, LLC is a business entity regularly engaged in the business of collecting debts in this Commonwealth with a principal place for accepting service located at 30 Hazelwood Drive, Suite108, Amherst, NY 14228. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. <u>FACTUAL ALLEGATIONS</u>

7. At all times pertinent hereto, Defendant was hired to collect a debts relating to consumer purchases, allegedly by Plaintiff Alarcon and Gabriel Smith, Plaintiff Smith's husband (hereafter the "debt").

8. The debts at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9. In January of 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt. During the conversation, Defendant spoke with Plaintiff Alarcon's mother, Sylvia Gutierrez. Defendant, disclosing the debt, asked Mrs. Gutierrez if she knew Plaintiff Alarcon owed Defendant money. When Mrs. Gutierrez replied she was unaware of the debt, Defendant responded that Mrs. Gutierrez should have known because she was Plaintiff Alarcon's mother, and began to ask for the reasons behind Plaintiff Alarcon's divorce. Mrs. Gutierrez replied by disconnecting the phone call.

10. Notwithstanding and immediately following the above, in January of 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

11.     On or about February 6, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

12.     On or about February 17, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Defendant spoke with Plaintiff Alarcon's father, Peter Gutierrez. During the conversation, Defendant was rude with Mr. Gutierrez and disclosed the debt to him.

13.     On or about February 18, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

14.     On or about February 19, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to three more times that day.

15.     On or about February 20, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to once more that day.

16.     On or about February 22, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to once more that day.

17.     On or about February 23, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

18. On or about March 7, 2007, Defendant contacted Plaintiff Alarcon in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, including but not limited to twice more that day.

19. On or about April 2, 2007, Defendant contacted Plaintiff Smith in an attempt to coerce payment of the debt. During the conversation, Defendant implied a crime had been committed when it threatened to have Plaintiff Smith and her husband arrested unless the debt was paid.

20. Immediately following the above, on or about April 2, 2007, Plaintiff Smith contacted her mother in a panic, terrified she and her husband were about to be arrested. As a result, Plaintiff Smith's mother gave her a post dated check to use as payment towards the debt.

21. Notwithstanding the above, and immediately following the above, on or about April 2, 2007, a representative, employee and/or agent from Defendant identifying himself as "Mr. Davis" contacted Plaintiff Smith in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff Smith identified the checking account number from which payment of the debt would be made. Additionally, Mr. Davis again threatened to place Plaintiff Smith and her husband in prison if payment were not made, stating "He ain't going as long as he's paying." Plaintiff Smith also stated she had consulted an attorney regarding the matter, to which Mr. Davis simply replied, "Your husband owes the debt. You can call an attorney if you want. I didn't break the law. You have the right to call an attorney to take the check off file and [threatening suit against Plaintiff Smith] go right to court. You're worrying about paying $1,000.00, if we go to court you are gonna have to pay $6,000.00." Plaintiff Smith then indicated Mr. Davis should "take the check off file" because she was unsure the money would be available. Mr. Davis then threatened suit,

and then threatened to go through with the withdraw. Plaintiff Smith then stated she was completely revoking permission, which Mr. Davis falsely stated she could not do.

22. On or about May 29, 2007, Plaintiff Smith placed a stop payment on the check.

23. On or about May 29, 2007, Mr. Davis contacted Plaintiff Smith in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted leaving a message for Gabriel Smith.

24. In response to the above, on or about May 29, 2007, Plaintiff Smith contacted Mr. Davis. During the conversation, Mr. Davis threatened to sue, indicating "This is a legal matter that has been placed in my office for breach of contract. I am about to sign off on some paperwork for possible litigation." Plaintiff Smith responded by requesting the Defendant's understanding, explaining her husband had been unemployed for two (2) months. Mr. Smith coldly replied "You bounced the check. That is a federal offense across state lines. I told you not to do it." Mr. Smith also stated "You [Plaintiff Smith] can't call me telling me he lost his job. Oh well. That's his fault. You [Plaintiff Smith] owe it." Mr. Davis again threatened suit, stating "You [Plaintiff Smith] must face the music in court."

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from Plaintiff Alarcon, communicated with persons other than Plaintiff Alarcon with respect to the debt and made such communications on multiple occasions.

27. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff Smith

to pay the debt.

28.     The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer had committed a crime.

29.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

30.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

32.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

33.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

34.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, as evidenced by the following conduct:

   (a) Communicating with persons other than the Plaintiff Alarcon that Plaintiff Alarcon owes a debt;

   (b) Communicating with persons other than the Plaintiff Alarcon on more than one occasion;

   (c) Communicating, in connection with the collection of a debt with persons other than the Plaintiff Alarcon;

   (d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

   (e) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any

        person at the called number;

    (f)    Threatening to take action that cannot be legally taken and/or is not intended to be taken;

    (g)    Falsely representing or implying that the consumer has committed a crime; and

    (h)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

38.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

39.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

    (a)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    (d)    That the Court grant such other and further relief as may be just and proper.

## V. JURY TRIAL DEMAND

40. Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

BY: */s/ Mark D. Mailman*
  MARK D. MAILMAN, ESQUIRE
  JAMES A. FRANCIS, ESQUIRE
  JOHN SOUMILAS, ESQUIRE
  MICHAEL J. SZYMBORSKI, ESQUIRE
  Attorneys for Plaintiff
  Land Title Building, 19th Floor
  100 South Broad Street
  Philadelphia, PA 19110
  (215) 735-8600

DATE: November 30, 2007